Robert Sudar
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103

Propria Persona

FILED

OCT 24 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| Edward Berberian, Tom Brown, Yvette Martinez, Linda Witong, Verna Adams, John Sutro, Joan Thayer, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> Alvin Hansen, William Thomson, Robert Sudar, <br><br> Defendants | Case No.: CIV072786 <br><br> **NOTICE OF REMOVAL** |

**C 07   5446**

**JL**

Robert Sudar, a defendant in the above entitled action, respectfully states:

1. Sometime in June, 2007 a civil action was commenced against the defendants in the Superior Court of California for Marin County, California entitled Edward Berberian, et. al. v. Alvin Hansen, William Thomson, and Robert Sudar, Civil Action No. CIV072786.

2. The defendant Robert Sudar has not been personally served with a summons and complaint for this action.

3. Defendant Robert Sudar was handed copies of a motion on September 24, 2007 while at the Marin County courthouse. Copies of this Motion are attached. (See exhibit "A")

4. This action is a civil action for damages between the plaintiffs, citizens of California, and the defendant, Robert Sudar, an inhabitant and citizen of the State of Nevada, and defendants Alvin Hansen and William Thomson, of unknown domicile. At the time this action was commenced, the defendant Robert Sudar was, and now is, an inhabitant and citizen of the State of Nevada. At the time the action was commenced, the plaintiffs Edward Berberian, Tom Brown, Yvette Martinez, Linda Witong, Verna Adams, John Sutro, and Joan Thayer were, and now are, citizens of California.

5. The origin of this action lies in interstate commerce between the defendant and the plaintiffs through a valid UCC instrument and commercial transaction between the parties. Plaintiffs being commercial debtors and defendant being a commercial creditor.

6. Defendant Robert Sudar believes this action is not properly brought against him. Hence, defendant Robert Sudar stands alone in his position and will take separate actions against all others involved in this action by filing a counterclaim against the Plaintiffs as well as a cross-complaint against the other two defendants.

7. This court has original jurisdiction of this action on the basis of federal question, under 25 U.S.C §1331, and , Commerce § 1337, Civil Rights § 1343, and Bonds § 1352, and removal jurisdiction under 28 U.S.C. § 1441(a)(b) and 1443.

8. The Defendant will give written notice of the filing of this notice to the plaintiffs, as required by 28 U.S.C. §1446(d).

9. A copy of this notice will be filed with the clerk of the Superior Court of California for Marin County, California, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the defendant request that this action proceed in this court as an action properly removed hereto.

Dated this 22nd day of October, 2007

Robert Sudar

Pro se
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103

# Exhibit "A"

1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Jack F. Govi, Assistant County Counsel  SBN 88483
2  3501 Civic Center Drive, Room 303
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4
   Attorney(s) for the Petitioners
5

6

7

8                SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN

9

10
   ED BERBERIAN, TOM BROWN, YVETTE          Case No.:    CV 072786
11 MARTINEZ, LINDA WITONG, PAULA
   KAMENA, JOAN THAYER, HONORABLE           NOTICE OF HEARING ON PETITIONERS'
12 VERNA ADAMS and HONORABLE JOHN           REQUEST:  (1) TO STRIKE FALSE
                                            JUDGMENT LIENS; (2) FOR COSTS,
13 SUTRO,                                   ATTORNEY FEES AND CIVIL PENALTIES
                                            AGAINST RESPONDENTS; (3) TO
14            Petitioners,                  STRIKE FALSE JUDGMENT LIENS FROM
                                            VENDOR LISTS; (4) TO ENJOIN
15     v.                                   RESPONDENTS FROM FILING FUTURE
                                            ENCUMBRANCES OR JUDGMENT LIENS
16                                          AGAINST PETITIONERS AND THEIR
   ALVIN HANSEN, WILLIAM THOMSON and        COUNSEL, PATRICK FAULKNER AND
17 ROBERT SUDAR,                            JACK F. GOVI;  AND (5) FOR FURTHER
                                            RELIEF AGAINST RESPONDENTS
18            Respondents.                  PURSUANT TO CALIFORNIA
                                            GOVERNMENT CODE SECTION 6223
19                                          AND CALIFORNIA CODE OF CIVIL
                                            PROCEDURE SECTIONS 765.010 ET
20                                          SEQ.

21

22     **PLEASE TAKE NOTICE THAT ON TUESDAY, NOVEMBER 6TH AT 9 a.m. IN**

23 **DEPARTMENT L OF THE MARIN SUPERIOR COURT,** a hearing on Petitioners' Petition: (1)

24
   to strike false judgment liens; (2) for costs, attorney fees and civil penalties against
25
26 Respondents;  (3) to strike false judgment liens from vendor lists; (4) to enjoin Respondents

27 from filing future encumbrances or judgment liens against Petitioners and their counsel,

28 County Counsel Patrick Faulkner and Assistant County Counsel Jack F. Govi; and (5) for

23573.doc

1  further relief against Respondents pursuant to California Government Code Section 6223 and

2  California Code of Civil Procedure Sections 765.010 et seq. will occur.

3      Said hearing is based upon the Court's granting of an ex parte request to set the

4

5  hearing for July 13, 2007. Such Order Granting the Request is attached.

6      Said Petition is based upon this Notice, the Petition and accompanying Memorandum of

7  Points and Authorities and attached Exhibits.

8

9  Dated:  June 14, 2007              COUNTY COUNSEL, PATRICK K. FAULKNER

10

11

12                             By:   _____

13                                   Jack F. Govi, Assistant County Counsel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Jack F. Govi, Assistant County Counsel  SBN 88483
2  3501 Civic Center Drive, Room 303
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4
   Attorney(s) for the Petitioners
5

6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN

9

10

11  ED BERBERIAN, TOM BROWN, YVETTE
    MARTINEZ, LINDA WITONG, PAULA                Case No.: CV 072786
12  KAMENA, JOAN THAYER. HONORABLE
    VERNA ADAMS and HONORABLE JOHN               PETITIONERS' EX PARTE REQUEST
13  SUTRO,                                       FOR THE COURT TO ORDER A
                                                 HEARING ON PETITIONERS' REQUEST
14              Petitioners,                     TO STRIKE FALSE JUDGMENT LIENS
                                                 AND FOR FURTHER RELIEF AGAINST
15                                               RESPONDENTS PURSUANT TO
           v.                                    CALIFORNIA GOVERNMENT CODE
16                                               SECTION 6223 AND CALIFORNIA CODE
    ALVIN HANSEN, WILLIAM THOMSON and            OF CIVIL PROCEDURE SECTIONS
17  ROBERT SUDAR,                                765.010 ET SEQ.

18              Respondents.

19

20
        Petitioners are elected officers, public employees and a retired District Attorney in Marin
21
    County.  Petitioners John Sutro and Verna Adams are Superior Court Judges in Marin County.
22
    Petitioners Ed Berberian, Linda Witong, Tom Brown and Yvette Martinez are the District
23
    Attorney and Deputy District Attorneys of Marin County respectively.  Petitioner Paula Kamena
24
    is the retired District Attorney of Marin County and Petitioner Joan Thayer is the
25
    Assessor/Recorder of Marin County.  Respondents are individuals who filed judgment liens
26
    against Petitioners with the California Secretary of State.  Respondents know that such liens
27
    are false and Respondents filed the liens with the intent to harass and intimidate Petitioners.
28
    California Government Code Section 6223 prohibits the liens that Respondents have filed and

Ex Parte Request for the Court to Order a Hearing on Petitioners'
Request to Strike False Judgment Liens and for Further Relief

1    California Code of Civil Procedure (CCP) Section 765.010 authorizes this Petition seeking to
2    strike the liens. Further, CCP Section 765.020 et seq. authorizes a court order to strike the
3    liens and allows costs and attorney fees to be granted to Petitioners along with a civil penalty
4    of up to $5000 per false lien. As outlined below, the Court should schedule a hearing on the
5    Petition and upon good cause, strike the liens, strike the liens from any vendor list acquired
6    from the California Secretary of State between the lien filing of March 1, 2007 and the date of
7    this Court's Order, grant attorney fees to Petitioners with an order for Respondents to pay such
8    attorney fees and costs, impose a civil penalty of $40,000.00 (eight separate liens at $5000 per
9    lien) against Respondents and enjoin Respondents from filing any further encumbrances or
10   judgment liens against Petitioners or their counsel, County Counsel Patrick Faulkner and
11   Assistant County Counsel Jack F. Govi.

## STATEMENT OF FACTS

Petitioners are elected public officers, a retired elected public officer and public employees in Marin County. Petitioners John Sutro and Verna Adams are Superior Court Judges in Marin County. Petitioner Joan Thayer is the elected Assessor/Recorder of Marin County. Petitioners Ed Berberian, Linda Witong, Tom Brown and Yvette Martinez are the District Attorney and Deputy District Attorneys of Marin County respectively. Petitioner Paula Kamena is the retired District Attorney of Marin County. Respondents are individuals who filed judgment liens against Petitioners with the California Secretary of State. Respondents are Alvin Hansen, William Thomson and Robert Sudar. Respondents are individuals who are associated with a group or organization called the Pennibanc Trust. Thomson and Hansen are officers of the Trust and Sudar is a beneficiary of the Trust.

Respondent Robert Sudar is a criminal defendant in Marin County Superior Court Case Nos. 144760 and CR 151060A. In Case No. 144760, the People of the State of California, by and through the office, are prosecuting Mr. Sudar for several felonies: Count 1 = Violation of Penal Code Section 646.9(a) – stalking, Counts 2 and 3 = Violations of Penal Code Section 459 – residential burglary. Several enhancements of Counts 2 and 3 are alleged: Violation of

2

1   Penal Code Sections 1192.7(c)(18), 1170.12(a)(b)(c) – violent or serious felonies, Violation of
2   Penal Code Section 462(a) – burglary of an inhabited dwelling.  Other felonies alleged are:
3   Count 4 = Violation of Penal Code Section 502(c)(4) – unauthorized alteration or damage of
4   computer data, software or programs; Count 5 = Violation of Penal Code Section 496(a) –
5   receiving stolen property; and Count 6 = Violation of Penal Code Section 632(a) –
6   eavesdropping.  Mr. Sudar is also being prosecuted for a misdemeanor [Violation of Penal
7   Code Section 166(c)(1) – contempt of court] in Marin County Superior Case No. CR 151060A.

8          Respondents filed Judgment Liens with the Secretary of State against Petitioners on or
9   about March 1, 2007 [see Exhibits A – H, attached to the Petitioners' Petition to Strike and
10  Memorandum of Points and Authorities and incorporated herein by reference].

11         Each Petitioner named herein was performing his or her official duties as a prosecutor,
12  judge, or county assessor except Petitioner Paula Kamena who is the recently retired District
13  Attorney of Marin County.  Kamena has had no contact with Respondents.  Respondents filed
14  the Judgment Liens knowing them to be false and with the intent to harass Petitioners,
15  presumably for the prosecution of Respondent Robert Sudar in Marin County [see Exhibits I –
16  P, Declarations of Brown, Witong, Martinez, Berberian, Kamena, Thayer, Adams and Sutro
17  attached to the Petitioners' Petition to Strike and Memorandum of Points and Authorities and
18  incorporated herein by reference].

19         Other than the performance of official duties as public officers or employees, none of
20  the Petitioners have had any contact with Respondents Sudar, Hansen and Thomson.

21
22                                      **ARGUMENT**

23         **THE COURT SHOULD SCHEDULE A HEARING ON THE PETITION TO**
            **STRIKE THE JUDGMENT LIENS AGAINST EACH PETITIONER, WHICH**
24          **INCLUDES REQUESTS FOR COSTS, ATTORNEY FEES, AND CIVIL**
            **PENALTIES AGAINST RESPONDENTS AND FOR FURTHER RELIEF**
25

26         CCP Section 765.010 authorizes a Petition to Strike Judgment Liens and other
27  encumbrances against public employees and officers that are in violation of California
28  Government Code Section 6223.

3

Ex Parte Request for the Court to Order a Hearing on Petitioners'
Request to Strike False Judgment Liens and for Further Relief

1           In the instant case, Petitioners are public officers, employees and one retired public

2    officer, all of whom are the victims of false judgment liens filed by Respondents.

3           Pursuant to CCP Section 765.010, Petitioners are filing a Petition to strike the judgment

4    liens and encumbrances and for further relief under CCP Sections 765.030 and 765.040.

5           CCP Section 765.010 authorizes Petitioners to make an ex parte request to the Court to

6    schedule a hearing on the foregoing Petition.

7           Accordingly, it is hereby requested that the Court order a hearing on the Petition to

8    Strike the Judgment Liens and for further relief.

9

10    Dated:   June 13, 2007                    Respectfully Submitted,

11                        PATRICK K. FAULKNER, COUNTY COUNSEL

12

13

14                By:

15                     Jack F. Govi, Assistant County Counsel

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex Parte Request for the Court to Order a Hearing on Petitioners'
Request to Strike False Judgment Liens and for Further Relief

Robert-Charles:Sudar
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103

Propria Persona

FILED

OCT 2 4 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Larson, Deputy

SUPERIOR COURT OF CALFORNIA

COUNTY OF MARIN

| | |
|---|---|
| Ed Berberian, Tom Brown, Linda Witong, Yvette Martinez, John Sutro, Verna Adams, Joan Thayer, et al. <br><br> Plaintiff, <br><br> vs. <br><br> Alvin Hansen, William Thompson, Robert Sudar, <br><br> Defendant | ) Case No.: CIV072786 <br> ) <br> ) <br> ) Notice of Demurrer and Demurrer <br> ) (pursuant to 430.10 C.C.P.) <br> ) <br> ) Date: 12·3·07 <br> ) Time. 9:00 AM <br> ) Dept. L <br> ) |

**OFFICIAL NOTICE REQUESTED**

(West's Ann.Cal.Gov.Code (2006), § 11515)

**JUDICIAL NOTICE REQUIRED**

(West's Ann.Cal.Evid.Code (2006), §§ 451, 453, 459).

Robert-Charles:Sudar
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103

Propria Persona

THE JUDICIAL COUNCIL OF CALIFORNIA
(a corporation)

doing business as

SUPERIOR COURT OF CALFORNIA

COUNTY OF MARIN
(a fictitious business)

```
THE STATE BAR OF CALIFORNIA AND      ) Case No.: CIV072786
PARTY(IES) UNKNOWN, Ed Berberian, Tom )
Brown, Linda Witong, Yvette Martinez, )
John Sutro, Verna Adams, Joan Thayer, ) Notice of Demurrer and Demurrer
et al.                               ) (pursuant to 430.10 C.C.P.)
                                     )
            Plaintiff,               )
                                     )
     vs.                             )
                                     )
Robert Sudar                         )
(a legal fiction),                   )

            Defendant
```

---

**OFFICIAL NOTICE REQUESTED**

**(West's Ann.Cal.Gov.Code (2006), § 11515)**

**JUDICIAL NOTICE REQUIRED**

**(West's Ann.Cal.Evid.Code (2006), §§ 451, 453, 459).**

## All interested Parties please take NOTICE that the alleged defendant hereby demurs to the falsely-presented complaint/motion as follows.

1.a.    I am a natural born, adult white Man, one of the people of the united states of America and one of the people of Nevada.

1.b.    I am not an official, officer, or employee of the State of California.

1.c.    I am not a trained or licensed Attorney; of necessity, I am acting at all times within my fundamental right to defend my life, liberty, and property as set out in the NEVADA CONSTITUTION, the CALIFORNIA CONSTITUTION, and the united States CONSTITUTION:

> *Nevada Constitution*: "We the people of the State of Nevada
> Grateful to Almighty God for our freedom in order to secure its
> blessings, insure domestic tranquility, and form a more perfect
> Government, do establish this CONSTITUTION.
> All men are by Nature free and equal and have certain inalienable
> rights among which are those of enjoying and defending life and
> liberty; Acquiring, Possessing and Protecting property and
> pursuing and obtaining safety and happiness[.]"

> *California Constitution*: "All people are by nature free and
> independent and have inalienable rights. Among these are enjoying
> and defending life and liberty, acquiring, possessing, and
> protecting property, and pursuing and obtaining safety,
> happiness, and privacy."

1.d    I have not been served with a proper complaint or summons, in this action! Plaintiffs are attempting to win a suit by ambush, which violates the rights of the alleged Defendant!

2.a.    This is a timely and sufficient Notice filed prior to personal service of any summons and complaint, or within 30 days of the service of the Complaint (per West's Ann.Cal.C.C.P., section 430.40):

> (a) A person against whom a complaint or cross-complaint has been
> filed may, within 30 days after service of the complaint or
> cross-complaint, demur to the complaint or cross-complaint.

> (b) A party who has filed a complaint or cross-complaint may,
> within 10 days after service of the answer to his pleading, demur
> to the answer.

3.    Without actual service of the complaint or knowledge of the complaint, the falsely-accused Demurrers to the complaint and Motion on as many of the following grounds as may be applicable:

a. "The court has no jurisdiction of the subject of the cause of action alleged in the pleading." (430.10(a) C.C.P.)

b. "The person who filed the pleading does not have the legal capacity to sue." (430.10(b) C.C.P.) [By Special Demurrer].

c. "There is a defect or misjoinder of parties." (430.10(d) C.C.P.)

d. "The pleading does not state facts sufficient to constitute a cause of action." (430.10(e) C.C.P.)

e. "The pleading is uncertain.... ambiguous and unintelligible." (430.10 (f) C.C.P.)

f. "In an action founded on a contract, it cannot be ascertained from the pleading whether the contract is written, is oral, or is implied by conduct." (430.10(g) C.C.P.)

4.      This Notice of Demurrer and Demurrer is supported by the Declarations of the alleged defendant (attached and incorporated herein in full by reference) which set out facts and relevant California law concerning the matter at hand as listed here.

5.      I formally Notice this forum that should I ever appear, or am compelled to appear, against my will in this, or any other, matter in this forum, the forum consents to an adhesion agreement/contract for the fair and reasonable value of my time and effort required to defend myself (per California Constitution, art. 1, sec. 1) at the rate of ten thousand dollars ($10,000.00) for each said appearance. Said sum is due and shall be payable by the forum at the conclusion of each said appearance.

I certify under the laws of the State of Nevada that I have read the foregoing and it is true and accurate.

Sworn and subscribed this Day, the 6th day of _____October_____ in the year of Our Lord, two thousand and seven (2007), at ___Las Vegas___ city, __Clark__ county, _____Nevada_____ state, united states of America.

3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103
Robert-Charles:Sudar

```
Robert-Charles:Sudar
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103

Propria Persona
```

                    THE JUDICIAL COUNCIL OF CALIFORNIA
                            (a corporation)

                            doing business as

                    SUPERIOR COURT OF CALFORNIA

                            COUNTY OF MARIN
                        (a fictitious business)

```
THE STATE BAR OF CALIFORNIA AND        ) Case No.: CIV072786
PARTY(IES) UNKNOWN, Ed Berberian, Tom  )
Brown, Linda Witong, Yvette Martinez,  )
John Sutro, Verna Adams, Joan Thayer,  ) Declaration of Robert-Charles:Sudar
et al.                                 )
                                       )
            Plaintiff,                 )
                                       )
    vs.                                )
                                       )
Robert Charles Sudar                   )
(a legal fiction),                     )

            Defendant
```

---

**OFFICIAL NOTICE REQUESTED**

**(West's Ann.Cal.Gov.Code (2006), § 11515)**

**JUDICIAL NOTICE REQUIRED**

**(West's Ann.Cal.Evid.Code (2006), §§ 451, 453, 459).**

**Declarant,    Robert-Charles:Sudar    , is a competent witness and does Solemnly state that:**

1.a.    I am a natural born, adult white Man, one of the people of the united states of America and one of the people of Nevada.

1.b.    I am not an official, officer, or employee of the State of California.

1.c.    I am not a trained or licensed Attorney; of necessity, I am acting at all times within my fundamental right to defend my life, liberty, and property as set out in the NEVADA CONSTITUTION, the CALIFORNIA CONSTITUTION, and the united States CONSTITUTION:

> *Nevada Constitution*: "We the people of the State of Nevada
> Grateful to Almighty God for our freedom in order to secure its
> blessings, insure domestic tranquility, and form a more perfect
> Government, do establish this CONSTITUTION.
> All men are by Nature free and equal and have certain inalienable
> rights among which are those of enjoying and defending life and
> liberty; Acquiring, Possessing and Protecting property and
> pursuing and obtaining safety and happiness[.]"

> *California Constitution*: "All people are by nature free and
> independent and have inalienable rights. Among these are enjoying
> and defending life and liberty, acquiring, possessing, and
> protecting property, and pursuing and obtaining safety,
> happiness, and privacy."

1.d    I have not been served with any papers, a complaint or summons, in this action! Plaintiffs are attempting to win a suit by ambush, which violates the rights of the alleged Defendant!

2.    I am not, in any business way or personal way, associated with Alvin Hansen or William Thompson.

3.    I am not, in any way, associated with Pennibanctrust or any affiliate of that entity.

4.    I am not a member, officer, director, or employee of the Pennibanctrust or its affliliates.

5.    It is my understanding that I am one of many beneficiaries of that trust.

6.    My status as beneficiary was not in any way due to a request, directly or indirectly, to become a beneficiary of that trust, and was not the result of any action, directly or indirectly, by this defendant.

7.    The assignment of beneficiaries is a direct and unsolicited act of the directors of the Pennibanctrust. Defendant has no control or influence in the operations of that trust.

8.    This court does not have in personum or subject matter jurisdiction of this action against defendant, such action being an act under the Commerce Clause of the Constitution of the united States, in which original jurisdiction lies within the Federal courts. There is no concurrent jurisdiction.

9.    There is a misjoinder of parties in that this defendant has no control or influence in the actions of the Pennibanctrust or its directors and officers.

10.    I am one of many beneficiaries listed on the particular UCC document submitted by the Plaintiffs.

11.    Plaintiffs have singled me out solely due to their involvement in a wrongful criminal prosecution directed towards me.

12.    Plaintiffs have failed to allege any relevant facts to sustain an action under California Government Code, Section 6223, which requires a showing that any lien filed is false, and that it was directly related to their official duty. Therefore the pleading does not state facts sufficient to constitute a cause of action.

13.    California Code of Civil Procedure, Section 765.010, allows an action only after there is a showing that a violation of Government code, Section 6223 has occurred, which Plaintiffs have failed to show, and Plaintiff's Motion does not lie within the jurisdiction of the court at this time.

14.    There has been no Administrative hearing on this matter under California Government Code, see sections 11405.50, 11415.50, 11410.10, 11342, 11344, 11503.

15.    Because I have no direct or indirect status or connection with Pennibanctrust, there is no nexus in law that would allow this action to proceed against me, therefore being a misjoinder of parties and defendant should be removed from this action.

16.    Because the Plaintiffs have misconstrued the law, the order of process, failed to conduct an Administrative Hearing, failed to state facts sufficient to show the falsity of the lien in question, failed to show the nexus between the lien and any official duty, the pleading is uncertain, ambiguous, and should be stricken.

I certify under the laws of the State of Nevada that I have read the foregoing and it is true and accurate.

Sworn and subscribed this Day, the   6th   day of _____ October _____ in the year of Our Lord, two thousand and seven (2007), at ___ Las Vegas ___ city, __ Clark __ county, _____ Nevada _____ state, united states of America.

3675 S. Rainbow Blvd.
#107-B106
Las Vegas, Nevada 89103
Robert-Charles:Sudar

```
            CALIFORNIA GOVERNMENT CODE
TITLE 2     GOVERNMENT OF THE STATE OF CALIFORNIA
DIVISION 3  EXECUTIVE DEPARTMENT
PART 1      STATE DEPARTMENTS AND AGENCIES
CHAPTER 4.5 ADMINISTRATIVE ADJUDICATION:  GENERAL PROVISIONS
ARTICLE 2   DEFINITIONS
```

§ 11405.50    Decision

   (a) Decision means an agency action of specific application that
determines a legal right, duty, privilege, immunity, or other legal interest
of a particular person.
   (b) Nothing in this section limits any of the following:
(1) The precedential effect of a decision under Section 11425.60.
(2) The authority of an agency to make a declaratory decision pursuant to
Article 14 (commencing with Section 11465.10).


**1995 California Law Revision Commission Comment.**

Section 11405.50 is drawn from 1981 Model State APA §1-102(5). The definition
of decision makes clear that it includes only legal determinations made by an
agency that are of specific applicability because they are addressed to
particular or named persons. More than one identified person may be the
subject of a decision. See Section 13 (singular includes plural).

Person includes legal entity and governmental subdivision.
Section 11405.70 (person defined); see also Section 17 (person defined). A
decision includes every agency action that determines any of the legal
rights, duties, privileges, or immunities of a specific, identified
individual or individuals.

This is to be compared to **a regulation,** which **is** an agency action of general
application, **applicable to** all **members of a described class. See Section
11342 (regulation defined).**

This section is not intended to expand the types of cases in which an
adjudicative proceeding is required; an adjudicative proceeding under this
chapter is required only where another statute or the constitution requires
one. Section 11410.10 (application to constitutionally and statutorily
required hearings).

Consistent with the definition in this section, rate making and licensing
determinations of specific application, addressed to named or particular
parties such as a certain power company or a certain licensee, are decisions
subject to this chapter. Cf. Federal APA § 551(4) (1988) (defining all rate
making as rulemaking).

**On the other hand, rate making and licensing actions of general application,
addressed to all members of a described class of providers or licensees, are
regulations under the Administrative Procedure Act.** Section 11342 (regulation
defined).
However, some decisions may have precedential effect pursuant to Section
11425.60 (precedent decisions).

```
             CALIFORNIA GOVERNMENT CODE
TITLE 2      GOVERNMENT OF THE STATE OF CALIFORNIA
DIVISION 3   EXECUTIVE DEPARTMENT
PART 1       STATE DEPARTMENTS AND AGENCIES
CHAPTER 4.5  ADMINISTRATIVE ADJUDICATION:  GENERAL PROVISIONS
ARTICLE 4    GOVERNING PROCEDURE
```

## § 11415.50   When Adjudicative Proceeding Not Required

(a) An agency may provide any appropriate procedure for a decision for which an adjudicative proceeding is not required.

(b) An adjudicative proceeding is not required for informal fact finding or an informal investigatory hearing, or a decision to initiate or not to initiate an investigation, prosecution, or other proceeding before the agency, another agency, or a court, whether in response to an application for an agency decision or otherwise.

### 1995 California Law Revision Commisssion Comment.

Subdivision (a) of Section 11415.50 is subject to statutory specification of the applicable procedure for decisions not governed by this chapter. See Section 11415.20 (conflicting or inconsistent statute controls).

Subdivision (b) is drawn in part from 1981 Model State APA § 4-101(a). The provision lists situations in which an agency may issue a decision without first conducting an adjudicative proceeding.

**For example, a law enforcement OFFICER may, without first conducting an adjudicative proceeding, issue a "ticket" that will lead to a proceeding before an agency or court. Likewise, an AGENCY** may commence an adjudicative proceeding without first conducting a proceeding to decide whether to issue the pleading.

Nothing in this subdivision implies that this chapter applies in a proceeding in which a hearing is not statutorily or constitutionally required. Section 11410.10 (application to constitutionally and statutorily required hearings).

### CHAPTER 4.5 ADMINISTRATIVE ADJUDICATION:  GENERAL PROVISIONS
### ARTICLE 3   APPLICATION OF CHAPTER

### § 11410.10   Application to Constitutionally and Statutorily Required Hearings
This chapter applies to a decision by an agency if, under the federal or state Constitution or a federal or state statute, an evidentiary hearing for determination of facts is required for formulation and issuance of the decision.

### 1995 California Law Revision Commission Comment.
Section 11410.10 limits application of this chapter to constitutionally and statutorily required hearings of state agencies. See Section 11410.20 (application to state).

The provisions do not govern local agency hearings except to the extent expressly made applicable byanother statute. Section 11410.30 (application to local agencies).

Section 11410.10 states the general principle that an agency must conduct an appropriate adjudicative proceeding before issuing a decision where a statute or the **due process clause** of the federal or state constitutions necessitates an evidentiary hearing for determination of facts. Such a hearing is a process in which a neutral decision maker makes a decision based exclusively on evidence contained in a record made at the hearing or on matters officially noticed. The hearing must at least permit a party to introduce evidence, make an argument to the presiding officer, and rebut opposing evidence.

|  | CALIFORNIA GOVERNMENT CODE |
| --- | --- |
| TITLE 2 | GOVERNMENT OF THE STATE OF CALIFORNIA |
| DIVISION 3 | EXECUTIVE DEPARTMENT |
| PART 1 | STATE DEPARTMENTS AND AGENCIES |
| CHAPTER 3.5 | ADMINISTRATIVE REGULATIONS AND RULEMAKING |
| ARTICLE 2 | RULES AND REGULATIONS |

## § 11342    Definitions

In this chapter, unless otherwise specifically indicated, the following definitions apply:

(a) "Agency" and "state agency" do not include an agency in the judicial or legislative departments of the state government.

(g) **"Regulation" means every** rule, **regulation,** order, or standard **of GENERAL application** or the amendment, supplement, or revision of any rule, regulation, order, or standard **adopted by any state agency to** implement, interpret, or **make specific the law enforced** or administered **by it,** or to govern its procedure, except one that relates only to the internal management of the state agency.

|  | CALIFORNIA GOVERNMENT CODE |
| --- | --- |
| TITLE 2 | GOVERNMENT OF THE STATE OF CALIFORNIA |
| DIVISION 3 | EXECUTIVE DEPARTMENT |
| PART 1 | STATE DEPARTMENTS AND AGENCIES |
| CHAPTER 3.5 | ADMINISTRATIVE REGULATIONS AND RULEMAKING |
| ARTICLE 4 | The CALIFORNIA ADMINISTRATIVE REGISTER AND CODE |

## § 11344    Code of Regulations

The office shall do all of the following:
(d) Ensure that each regulation is printed together with a reference to the statutory authority pursuant to which it was enacted and the **specific statute** or other provision of law **which the regulation is** implementing, interpreting, or **making specific.**

|  | CALIFORNIA GOVERNMENT CODE |
| --- | --- |
| TITLE 2 | GOVERNMENT OF THE STATE OF CALIFORNIA |
| DIVISION 3 | EXECUTIVE DEPARTMENT |
| PART 1 | STATE DEPARTMENTS AND AGENCIES |
| CHAPTER 5 | ADMINISTRATIVE ADJUDICATION:  FORMAL HEARING |

## § 11503        **Accusation**

A hearing to determine whether a **right**, authority, license or privilege should be revoked, suspended, **limited or conditioned** shall be initiated by filing an accusation.  The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense.  It shall specify the **statutes and rules** which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules.  The accusation shall be verified unless made by a public officer acting in his official capacity or by an employee of the agency before which the proceeding is to be held.  The verification may be on information and belief.