IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BERBERIAN, TOM BROWN, YVETTE MARTINEZ, LINDA WITONG, VERNA ADAMS, JOHN SUTRO, JOAN THAYER, and PAULA KAMENA,<br><br>            Plaintiffs,<br>    v.<br><br>ALVIN HANSEN, WILLIAM THOMSON, and ROBERT SUDAR,<br><br>            Defendants.    / | No. C 07-05446 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND DENYING PLAINTIFFS' MOTION FOR FEES AND COSTS** |

Plaintiffs have filed a motion to remand this action to state court and a motion for fees and costs. The motions are scheduled for hearing on January 25, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiffs' motion to remand and DENIES plaintiffs' motion for fees and costs.

**BACKGROUND**

Plaintiffs are state court judges, attorneys or former attorneys at the office of the District Attorney of Marin County, and other public employees of Marin County. All are citizens and residents of California. On June 14, 2007, plaintiffs filed a petition in Superior Court in Marin County asking the court to strike false judgment liens that had been filed by defendants against plaintiffs in retaliation for plaintiffs' participation in criminal proceedings against defendant Robert Sudar. After much difficulty

locating defendant Sudar (who may live in California rather than in Nevada, as he contends, *see* Plaintiffs' Motion to Remand at 2; *id.* at ex. D), plaintiffs finally served Sudar personally in Marin County on September 24, 2007, *id.* at ex. G ¶ 4. Sudar then filed a timely notice of removal on October 24, 2007. Defendant's notice of removal alleged that defendant Sudar is a resident and citizen of Nevada, and that defendants Alvin Hansen and William Thomson are of unknown domicile. Notice of Removal at 2. The notice also alleged that removal was proper because this Court has federal question jurisdiction; namely, defendant alleged that the complaint stated claims arising under acts of Congress regulating commerce, 28 U.S.C. § 1337, federal civil rights laws, 28 U.S.C. § 1343, and the execution of bonds, 28 U.S.C. § 1352.

The current motion was originally filed on November 20, 2007. Defendants' opposition was due January 4, 2008, three weeks prior to the argument date. Civil Local Rule 7-3. Defendants never filed an opposition.

**LEGAL STANDARD**

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal law, 28 U.S.C. § 1446(b), requires that the notice of removal of a civil action must be filed within 30 days after service. The party seeking removal bears the burden of proving its propriety. *Duncan*, 76 F.3d at 1485.

Diversity jurisdiction requires complete diversity of citizenship, such that each plaintiff must be a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The one exception to this standard arises when a non-diverse defendant is made a party to an action as a "sham" to defeat diversity. *Morris*, 236 F.3d at 1067. Allegations of the presence of a sham defendant can only succeed on a showing that "there is no possibility that the plaintiff will be able to establish a cause of action" against that defendant under well-settled rules of state law. *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

If, at any time before final judgment, a federal court determines that it is without subject matter

jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c). On the other hand, a plaintiff cannot avoid federal removal jurisdiction or use the concurrent jurisdiction of state courts as a shield when a case rightfully belongs in federal court. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

## DISCUSSION

Plaintiffs argue that there is no diversity of citizenship between the parties because defendants Hansen and Thomas, like plaintiffs, are citizens of California. Plaintiffs also argue that the amount in controversy does not exceed $75,000. Plaintiffs are correct. In order for this court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity between the parties. *Morris*, 236 F.3d at 1067. Here, defendants Hansen and Thomas have acknowledged that they are residents of California, *see* Plaintiffs' Motion to Remand at ex. F, and both of these defendants were served in California, *see id.* at ex. E. These two defendants are therefore not diverse from the plaintiffs, all of whom are also citizens of California and employees or former employees of Marin County. In addition, there is no evidence or suggestion that Hansen and Thomas are "sham defendants." *Good*, 5 F. Supp. 2d at 807. Accordingly, this Court may not exercise jurisdiction under 28 U.S.C. § 1332.

Defendant also made a half-hearted effort in his notice of removal to argue that plaintiffs' petition arises under federal law. *See* Notice of Removal at 2. This argument has no merit. Plaintiffs' petition to strike the liens filed against plaintiffs states a cause of action arising entirely under California law, California Code of Civil Procedure §§ 765.010, 765.020, et seq. Federal law does not create plaintiffs' cause of action, and plaintiffs' state law claim in no way turns on a construction of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). In addition, plaintiffs' complaint has nothing to do with (1) an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," 28 U.S.C. § 1337; (2) a civil rights action, 28 U.S.C. § 1343; or "a bond executed under any law of the United States," 28 U.S.C. § 1352. Moreover, even if there were some question as to whether any of these jurisdictional statutes applied – and there is not – the party who sought removal bears the burden of proving that this Court has jurisdiction and that removal was proper. Here, as stated above, defendants have failed to file an opposition to the

remand motion, and the notice of removal does not contain any explanation of how these jurisdictional statutes relate to plaintiffs' well-pleaded complaint. The Court therefore GRANTS plaintiffs' motion to remand this action to state court.

Plaintiffs also move for costs and fees associated with the removal of this case to federal court. However, in its discretion the DENIES plaintiffs' motion for costs and fees.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to remand and DENIES plaintiffs' motion for fees and costs [Docket No. 10]. The action is remanded to Marin County Superior Court.

Dated: January 22, 2008

SUSAN ILLSTON
United States District Judge

4